**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD ROBINSON, | Civil No. 13-4571 (PGS) |
| Petitioner, | |
| v. | OPINION |
| WARDEN, EAST JERSEY STATE PRISON, | |
| Respondent. | |

SHERIDAN, DISTRICT JUDGE

Petitioner Leonard Robinson ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons stated below, the Petition will be denied.

**I. BACKGROUND**

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1)[1], will recount salient portions of the recitation of facts as set forth by New Jersey Superior Court, Appellate Division:

> At approximately 2:00 p.m. on March 9, 2006, members of the Asbury Park Police Department and the Monmouth County Prosecutor's Office attempted to effectuate the arrest of Robinson pursuant to an active warrant. Officer Eddie Raisin testified at trial

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> that he, along with other law enforcement officers including Detective Todd Rue, went to an apartment complex at 410 Deal Lake Drive, but Robinson was not there when they arrived. Raisin and the other officers positioned themselves inside an apartment in the complex and waited for Robinson's return. Eventually, Robinson returned and, after he entered the foyer, Raisin opened the apartment door and confronted him. Robinson dropped a clear plastic bag that contained suspect cocaine. Raisin retrieved the bag and placed Robinson under arrest.
>
> Raisin searched Robinson's person and found another plastic bag containing suspect cocaine. Following the search, Robinson was advised of his *Miranda* rights. Robinson waived his *Miranda* rights and agreed to cooperate in the investigation. He filled out consent forms for the search of an apartment on Grand Avenue and his Chevy Tahoe. Robinson directed Raisin to a closet in the Grand Avenue apartment that contained cocaine.
>
> After Robinson had been transported to the prosecutor's office, he again waived his *Miranda* rights and made a formal statement to Rue in the presence of other officers. Robinson stated that he had received a phone call to deliver twenty-one grams of cocaine to the apartment complex on Deal Lake Drive. He maintained that he acted alone and was in the process of delivering the cocaine when he was arrested. Robinson acknowledged that he acquired, on average, five to seven ounces of cocaine once every three weeks. Robinson refused to name his supplier.

*State v. Robinson*, No. A-6232-06T4, 2009 WL 102979, at *1 (N.J. Super. Ct. App. Div. Jan. 16, 2009).

Following a three-day jury trial in January 2007, Petitioner was convicted. *Id.* The State successfully moved for an extended sentence pursuant to N.J.S.A. 2C:43-6(f) and the trial court sentenced Petitioner to twenty-two years, with ten years of parole ineligibility, for count II, and a concurrent ten-year sentence, with five years of parole ineligibility, for count III. *Id.* Petitioner's appeal was denied by the Appellate Division, *id.*, and the New Jersey Supreme Court denied his petition for certification, *State v. Robinson*, 970 A.2d 1046 (N.J. 2009). Petitioner subsequently

filed a petition for post-conviction relief ("PCR") which was denied by the trial court. *State v. Robinson*, No. A-0919-10T3, 2012 WL 5273854, at *1 (N.J. Super. Ct. App. Div. Oct. 26, 2012). The Appellate Division denied the appeal, *id.*, and the New Jersey Supreme Court denied the petition for certification, *State v. Robinson*, 65 A.3d 264 (N.J. 2013).

On July 16, 2013, Petitioner filed the instant habeas Petition. (ECF No. 1.) In his Petition, he raises the following grounds for relief: (1) violation of his Sixth Amendment right to confrontation when Detective Rue testified about Petitioner's prior criminal conduct; (2) violation of his Fourth Amendment right against illegal search and seizure when he was "coerced" into signing a consent to search the apartment; (3) violation of his Fifth Amendment right when he was coerced into confessing to the crime after they threatened to charge his girlfriend; and (4) violation of his Sixth Amendment right because the jury in his case did not contain any minorities. Respondent filed an Answer (ECF No. 9) and Petitioner did not file a reply.

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

3

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

28 U.S.C. § 2254.

"§ 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d).[2] If a claim has been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the

---

[2] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Pinholster*, 563 U.S. at 187. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)); *see also Johnson v. Williams*, 133 S.Ct. 1088 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

4

evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). However, when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA . . . do not apply." *Lewis*, 581 F.3d at 100 (quoting *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S.Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405–06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is

5

different from an incorrect application of federal law." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (quoting *Williams,* 529 U.S. at 410). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 134 S.Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 181.

**B.  Analysis**

**1. Confrontation Clause (Ground One)**

Petitioner alleges that his Sixth Amendment right to confront witnesses against him was violated when Detective Rue "gratuitously volunteered testimony constituting inadmissible hearsay which connected the defendant with prior criminal conduct of the same nature as the charges for which he was on trial." (Pet. ¶ 12(A).) Petitioner raised this claim on direct appeal, where it was rejected by the Appellate Division:

> Robinson argues in point I that he was prejudiced by Rue's testimony about his prior criminal conduct. The following exchange took place between Robinson's counsel and Rue on cross-examination:
>
> Q. Now, we are talking about the conversation you had with Mr. Robinson.... So first you advised him- this was a lengthy investigation, correct?
>
> ....
>
> A. [H]e wasn't completely sure that he wanted to cooperate at that time and I continued to talk to him and had to tell him that we watched him come from that apartment where he bought the drugs from. We obtained drugs from him and that is when he realized that we had been watching him. I don't think he believed that I had been watching him.

6

> Q. So you are saying that you told him you had been watching him for several months and you knew that drugs were coming from that apartment?
>
> A. No, I said I was watching him for several months. I didn't say I knew drugs were coming from the apartment for several months. He knew the drugs came from that apartment that day.
>
> "[E]xcept in the most extreme cases trial errors originating with defense counsel will not present grounds for reversal on appeal." *State v. Berry*, 140 N.J. 280, 303-04, 658 A.2d 702 (1995). Based on the record before us, we do not see Rue's testimony as constituting one of the "most extreme cases" justifying the disturbance of the defendant's conviction.

*Robinson*, 2009 WL 102979, at *2.

Even if this Court were to assume that this claim is not procedurally defaulted,[1] Petitioner is still not entitled to relief. As properly determined by the state court, Petitioner's counsel elicited the complained-about testimony from the officer during cross-examination, presumably in an

---

[1] Federal habeas courts generally may not review a state court's denial of a state prisoner's constitutional claim if "the state court's decision rests on a state procedural [ground] that is independent of the federal question." *Coleman v. Thompson*, 501 U.S. 722, 722-723 (1991). That is to say that, the procedural default must rest on an "independent and adequate state ground." *Harris v. Reed*, 489 U.S. 261, 266 (1989). The court may not consider claims that are procedurally defaulted unless "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

Relevant to the instant Petition, federal courts have found that the invited-error doctrine qualifies as a state procedural bar. *See, e.g., Druery v. Thaler*, 647 F.3d 535, 545–46 (5th Cir. 2011); *Leavitt v. Arave*, 383 F.3d 809, 832–33 (9th Cir. 2004) (suggesting that the invited error rule is a state procedural bar); *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997) (holding that petitioner could not overcome procedural default of invited-error doctrine); *Coleman v. O'Leary*, 845 F.2d 696, 699 (7th Cir. 1988) (referring to invited error as a "state procedural rule"). The invited error doctrine is clearly established in New Jersey, *see New Jersey Div. of Youth & Family Servs. v. M.C. III*, 990 A.2d 1097, 1104 (N.J. 2010) (collecting cases), and the Appellate Division unequivocally relied on said doctrine when denying this claim in state court. Therefore, it appears that Petitioner is procedurally barred from raising this claim in federal court.

7

attempt make him appear untrustworthy.  Under the invited error doctrine, "[a] defendant cannot complain on appeal of alleged errors invited or induced by himself." *Burns v. Warren*, No. 13-1929, 2016 WL 1117946, at *28 (D.N.J. Mar. 22, 2016) (citing *United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993)); *United States v. Murphy*, 464 F. App'x 60, 63 (3d Cir. 2012); *United States v. Vazquez*, 449 F. App'x 96, 104 (3d Cir. 2011).  This doctrine applies to habeas review as well.  *See, e.g., Druery v. Thaler*, 647 F.3d 535, 545–46 (5th Cir. 2011) (collecting cases).  More importantly, the Third Circuit has explicitly held that there is no Confrontation Clause violation where defense counsel elicits hearsay statement from government witness.  *See United States v. Magloire*, 235 F. App'x 847, 851, n.1 (3d Cir. 2007) (citing *United States v. Parikh*, 858 F.2d 688, 695 (11th Cir. 1988)).  Since the officer's testimony clearly occurred as a result of the specific and pointed questions by Petitioner's counsel, Petitioner cannot not seek to benefit from said action.

The state court's decision on this issue was not contrary to, and did not involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.  Accordingly, habeas relief is denied.

## 2. Search and Seizure (Ground Two)

Petitioner alleges that his Fourth Amendment rights were violated because he was "coerced" into signing a consent to search an apartment after the officers threatened to "lock up the girl who's [sic] apartment it was and [Petitioner] didn't reside there."  (Pet. ¶12(B).) Petitioner raised this issue in a suppression hearing before the trial court, where it was denied. (Resp't's Br., Ex. Ra 15, Suppression Hr'g Tr. 82: 17-95:18, ECF No. 9-11.)  He did not raise it

on direct appeal or in his PCR petition, however the Appellate Division nevertheless addressed the issue on the PCR appeal, in the context of appellate counsel's performance:

> We need not determine whether appellate counsel's failure to make those arguments was consistent with professional norms because, as Judge Perri correctly determined, this court would have deferred to Judge Cleary's factual findings on those issues, *see, e.g., State v. Locurto*, 157 N.J. 463, 470–71 (1999), and affirmed the denial of the applications to suppress defendant's statements and the evidence seized from defendant's apartment.

*Robinson*, 2012 WL 5273854, at *1.

A federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Wright v. West*, 505 U.S. 277, 293 (1992); *Marshall v. Hendricks*, 307 F.3d 36 (3d Cir. 2002); *Deputy v. Taylor*, 19 F.3d 1485 (3d Cir. 1994). "A petitioner has had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism." *Wright v. Pierce*, No. 12-175, 2015 WL 1137987, at *7 (D. Del. Mar. 12, 2015) (citations omitted).

Here, it is evident that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim. The trial court conducted a suppression hearing, at the conclusion of which the court denied Petitioner's request to suppress the evidence found during the search. Petitioner was explicitly advised by appellate counsel that he did not view this issue as one worthy of raising on appeal, but informed Petitioner that if he wished to raise it, he should do so in the form of a pro-se appellate brief. (Resp't's Br., Ex. Ra 5, Mar. 18, 2008 Ltr, ECF No. 9-7.) Petitioner declined to do so. Despite Petitioner's failure to bring this issue before the Appellate Division,

9

the court nevertheless addressed it on its merits, finding that even if Petitioner or his counsel had appealed the denial of the suppression motion, it would have upheld the trial court's decision. *Robinson*, 2012 WL 5273854, at *1.

Because Petitioner received a full and fair opportunity to litigate this claim in the state courts, he is barred from habeas review of this issue. *See Stone*, 428 U.S. 465; *see also Marshall*, 307 F.3d 36; *Deputy*, 19 F.3d 1485. Accordingly, this claim will be denied.

### 3. Confession (Ground Three)

In Ground Three of his Petition, Petitioner argues that his Fifth Amendment rights were violated when he gave a written confession as a result of the officers' threats to "lock up" the "girl who's [sic] apartment it was." (Pet. ¶ 12(C).) Petitioner raised this issue in the form of a *Miranda* hearing before the trial court, where his request to suppress the confession was denied. (Resp't's Br., Ex. Ra 10, *Miranda* Hr'g Tr., ECF No. 9-12.)

> The State bears the burden of proving not only that the defendant was advised of his *Miranda* Warnings and that he knowingly and voluntarily waived his *Miranda* Rights.
>
> It also must prove that a defendant's statement was otherwise made freely and voluntarily beyond a reasonable doubt. That is *State v. Kelly*, 61 N.J. 283, 294 at (1972) and *State vs. Galloway*, 133 N.J. 631, 654 (1993). However, the State bears the burden of burden of proof voluntariness only if some credible evidence is produced at the *Miranda* Hearing that the police engaged in specific conduct which wrongfully forced the Defendant to confess against his will. That is *State vs. Johnson*, 218 N. J. Super. 293 to 306, Appellate Division (1987). *Reversed on other grounds* 116 N. J. (1989).
>
> So it is satisfied where at the *Miranda* Hearing the defendant testifies that he at least invoked his right to silence even ambiguously or that his confession was coerced, threat of physical violence or actual physical abuse.

10

> By requiring the Defendant to produce some credible evidence tending to show involuntariness, the court does not shift the period of persuasion on the ultimate issue of voluntariness of the confession to the Defendant but rather makes a pragmatic recognition that a defendant in a *Miranda* hearing is the most likely source of proof that a confession is involuntary. Again, that is *State vs. Johnson* at 116 New Jersey.
>
> So in this case, I find this -- to begin with, this Defendant has not produced any credible evidence to show this statement was involuntary.
>
> Detective Rue has testified this defendant was advised of his *Miranda* Rights when he was initially arrested around 2:00 o'clock on that day. That he read from that card in his wallet. He testified that this defendant indicated that he understood. That he said yes he would talk to them. He admitted that he knew his rights because he had been arrested before and advised of his rights.
>
> There was testimony that he was not under the influence of any alcohol or drugs. That his speech was coherent. That he did not want an attorney. There is nothing in the evidence that has been produced here today to show that this defendant in any way was coerced whether it be physically or mentally. There is nothing in the evidence to show that he did not understand his rights and there is nothing in the evidence to show that this defendant was not advised of those rights.
>
> So I find that the State has met its burden and has shown that the Defendant has knowingly, intelligently and voluntarily waived his *Miranda* Rights and that they were freely and voluntarily given and that the State has proven this beyond a reasonable doubt. So I'll allow the statement in evidence and also s-1 and s-2 will be marked in evidence for purposes of the trial.

(*Id.* at 33:16-35:24.) Petitioner did not raise this claim on direct appeal, however, as with the consent to search issue, the court still addressed it:

> It is true, as [the PCR court] observed, that appellate counsel did not challenge in the direct appeal the trial court determinations regarding the voluntariness of defendant's statements and the search and seizure that occurred. We need not determine whether appellate counsel's failure to make

11

> those arguments was consistent with professional norms because, as [the PCR court] correctly determined, this court would have deferred to [the trial court's] factual findings on those issues, *see, e.g., State v. Locurto*, 157 N.J. 463, 470–71 (1999), and affirmed the denial of the applications to suppress defendant's statements and the evidence seized from defendant's apartment.

Robinson, 2012 WL 5273854, at *1.

Under *Miranda*, a criminal defendant may only waive his Fifth Amendment right to have an attorney present during custodial interrogation if "the waiver is made voluntarily, knowingly and intelligently." 384 U.S. at 444. A valid *Miranda* waiver has two distinct dimensions:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Moran v. Burbine*, 475 U.S. 412, 421 (1986) (internal quotations omitted).

"Federal habeas courts have an "independent obligation' to determine whether a confession was voluntary." *Sweet v. Tennis*, 386 F. App'x 342, 345 (3d Cir. 2010) (citing *Miller v. Fenton*, 474 U.S. 104, 110 (1985)). Although this Court defers to state court fact-finding on "subsidiary factual questions" under 28 U.S.C. § 2254(e)(1), the "ultimate question whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution is a matter for independent federal determination." *Id.* (citing *Miller*, 474 U.S. at 112). The Supreme Court has stated that "the length and circumstances of

the interrogation, the defendant's prior experience with the legal process, and familiarity with the *Miranda* warnings," are examples of such "subsidiary questions." *Miller*, 474 U.S. at 117.

The state court's finding that Petitioner was not coerced into waiving his *Miranda* rights and providing the officers with a written confession is supported by the record. The court found Detective Rue's testimony that he read Petitioner his *Miranda* rights to be credible and there was no evidence to suggest Petitioner's confession was anything other than voluntary. Petitioner's counsel specifically asked the detective whether he had coerced Petitioner into confessing by suggesting if he failed to do so, his girlfriend would be charged. (Resp't's Br., Ex. Ra 10, Miranda Hr'g Tr. 18:4-6; 21:16-18, ECF No. 9-12.) Detective Rue answered that he did not make such a threat and the trial court credited that testimony. (*Id.* at 18:7; 21:19-20.) Petitioner has not rebutted that factual finding by clear and convincing evidence and pursuant to 28 U.S.C. § 2254(e)(1), the Court gives deference to that determination. Because the record establishes that Petitioner was not in any way coerced into giving a confession and he was read his *Miranda* rights prior to the confession, this ground for habeas relief must fail.

### 4. Jury (Ground Four)

In Ground Four of his Petition, Petitioner argues that his Sixth Amendment rights were violated because the jury pool for his case did not contain any minorities. (Pet. ¶ 12(D).) Petitioner raised this issue on PCR, where it was denied by the state court. The Appellate Division found that it was without sufficient merit to warrant discussion in a written opinion. *Robinson*, 2012 WL 5273854, at *1.

The Equal Protection Clause of the Fourteenth Amendment requires the eradication of "racial discrimination in the procedures used to select the venire from which individual jurors are

13

drawn." *Batson v. Kentucky*, 476 U.S. 79, 86 (1986). The Sixth Amendment requires that jurors be drawn from pools that represent a "fair cross-section" of the community. "[J]ury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Ramseur v. Beyer*, 983 F.2d 1215, 1230 (3d Cir. 1992) (quoting *Duren v. Missouri*, 439 U.S. 357, 363-64 (1979)).

In order to establish a prima facie violation of the fair cross section requirement, a petitioner must demonstrate: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in jury venires is not "fair and reasonable" in relation to the number of such persons in the community; and (3) the underrepresentation is caused by the "systematic exclusion of the group in the jury selection process." *Duren*, 439 U.S. at 364.

Here, Petitioner has made only a bare allegation that "minorities" were underrepresented on his jury. He does not identify with which racial groups he includes in that description; nor does he even attempt to address the other two prongs of the *Duren* test, including identifying the jury selection process used by Monmouth County. *Id.*; *see also United States v. Weaver*, 267 F.3d 231, 240 (3d Cir. 2001) ("the second prong of *Duren* asks whether the representation of the group in the jury venires is fair and reasonable in relation to the number of such persons in the community. This is, at least in part, a mathematical exercise, and must be supported by statistical evidence") (internal citations omitted)); *Ramseur*, 983 F.2d at 1235 (no Sixth Amendment violation where the jury selection process was neutral on its face and was being monitored, and modified, to try to enhance its representative character). Given his spare allegations and factual support, Petitioner has failed to meet his burden and habeas relief is denied on this ground.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

## IV. CONCLUSION

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

Dated:

*[signature]*
Peter G. Sheridan, U.S.D.J.

15